Michele R. Stafford, Esq. (SBN 172509)
Muriel B. Kaplan, Esq. (SBN 124607)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
mkaplan@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., | Case No.: C12-6341 CW |
| Plaintiffs, | **JUDGMENT PURSUANT TO STIPULATION** |
| v. | |
| FLOORTEC, INC., a California Corporation, | |
| Defendant. | |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH & WELFARE TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant FLOORTEC, INC., a California corporation and/or alter egos and/or successor entities (collectively "Defendant"), as follows:

1.      Defendant entered into a valid Collective Bargaining Agreement with the Northern California Floor Covering Master Agreement between District Council 16 and Floor Covering Association Central Coast Counties (hereinafter "Bargaining Agreement").  This Bargaining Agreement has continued in full force and effect to the present time.

/ / /

/ / /

P:\CLIENTS\FLRCL\Floortec 3\Pleadings\C12-6341 CW - Judgment Pursuant to Stipulation 020513.docx

2.      Defendant has become indebted to the Trust Funds as follows:

| ACCOUNT NO.: 0000-002230-00 | | | |
|---|---|---|---|
| August 2012 | Contribution Balance | $49,326.88 | |
| | 20% Liquidated Damages | $9,865.38 | |
| | 5% Interest (through 2/4/13) | $1,195.87 | |
| | | | $60,388.13 |
| September 2012 | Contributions | $43,112.81 | |
| | 20% Liquidated Damages | $8,622.56 | |
| | 5% Interest (through 2/4/13) | $566.96 | |
| | | | $52,302.33 |
| October 2012 | Contributions | $28,049.78 | |
| | 20% Liquidated Damages | $5,609.96 | |
| | 5% Interest (through 2/4/13) | $253.60 | |
| | | | $33,913.34 |
| November 2012 | Contributions | $40,916.62 | |
| | 20% Liquidated Damages | $8,183.32 | |
| | 5% Interest (through 2/4/13) | $196.18 | |
| | | | $49,296.12 |
| December 2012 | Contributions | $65,463.74 | |
| | 20% Liquidated Damages | $13,092.75 | |
| | 5% Interest (through 2/4/13) | $35.87 | |
| | | | $78,592.36 |
| 10% Liquidated damages on prior late-paid contributions (3/12 – 5/12) | | | $2,250.00 |
| 5% Interest on prior late-paid contributions (3/12 – 5/12) | | | $91.47 |
| | | #2230-00 SUB-TOTAL: | $276,833.75 |
| ACCOUNT NO.: 0000-038660-05 | | | |
| August 2012 | 20% Liquidated Damages | $6,895.89 | |
| | 5% Interest (through 12/3/12) | $302.29 | |
| | | | $7,198.18 |
| September 2012 | Contribution Overpayment | ($2,243.98) | |
| | 20% Liquidated Damages | $6,492.01 | |
| | 5% Interest (through 1/16/13) | $342.39 | |
| | | | $4,590.42 |
| October 2012 | Contributions | $26,478.56 | |
| | 20% Liquidated Damages | $5,295.71 | |
| | 5% Interest (through 2/4/13) | $239.40 | |
| | | | $32,013.67 |
| November 2012 | Contributions | $14,023.94 | |
| | 20% Liquidated Damages | $2,804.79 | |
| | 5% Interest (through 2/4/13) | $67.24 | |
| | | | $16,895.97 |
| December 2012 | Contributions | $33,324.20 | |
| | 20% Liquidated Damages | $6,664.84 | |
| | 5% Interest (through 2/4/13) | $18.26 | |
| | | | $40,007.30 |
| 10% Liquidated damages on prior late-paid contributions (3/12 – 5/12) | | | $2,250.00 |
| 5% Interest on prior late-paid contributions (3/12 – 5/12) | | | $62.03 |
| | | #38660-05 SUB-TOTAL | $103,017.57 |
| Attorneys' Fees (through 2/4/13) | | | $3,448.00 |
| Cost of Suit | | | $350.00 |
| | | GRAND TOTAL (both accounts): | $383,649.32 |

P:\CLIENTS\FLRCL\Floortec 3\Pleadings\C12-6341 CW - Judgment Pursuant to Stipulation 020513.docx

3.    Defendant shall *conditionally* pay the amount of **$305,622.11,** representing all of the above amounts, less liquidated damages in the amount of **$78,027.21**. ***This waiver is expressly conditioned upon the Trustees' approval upon timely compliance with all of the terms of this Stipulation,*** as follows:

(a)    Beginning on **February 15, 2013**, and on or before the 15th day of each month thereafter for a period of twelve (12) months through and including January 15, 2014, Defendant shall pay to Plaintiffs the amount of **$26,127.00** per month;

(b)    Payments may be made by joint check, to be endorsed by Defendant to Plaintiffs prior to submission.  Any and all joint checks received for amounts owed under the Stipulation, regardless of when they are received, will be applied to reduce the balance due. Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(c)    Payments shall be applied first to unpaid interest and then to unpaid principal.  The unpaid principal balance shall bear interest from February 5, 2013, at the rate of 5% per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements;

(d)    Checks shall be made payable to the ***District Council 16 Northern California Trust Fund***, and delivered on or before each due date to Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs;

(e)    At the time that Defendant makes its 11th payment (or final payment if amounts are prepaid), Defendant may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with their 11th payment.  Defendant will be advised as to whether or not the waiver has been granted prior to the final payment hereunder.  Such waiver will not be considered until and unless all other amounts are paid in full and Defendant's account is otherwise current;

(f)    Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant, in writing, as to the final amount due, including interest and all additional attorneys'

1    fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts

2    owed to Plaintiffs under this Stipulation.  Defendant shall pay all additional attorneys' fees and

3    costs regardless of whether or not Defendant defaults herein.   Any additional amounts due

4    pursuant to the provisions hereunder shall also be paid in full with the January 15, 2014 stipulated

5    payment; and

6                    (g)    Failure to comply with any of the above terms shall constitute a default of

7    the obligations under this Stipulation and the provisions of ¶10 shall apply.

8        4.    In the event that any check is not timely submitted or fails to clear the bank, or is

9    unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be

10   considered to be in default of the Judgment entered.  If this occurs, Plaintiffs shall make a written

11   demand to Defendant by email to Marlene Silva at *MSilva@Floortecinc.com* and regular U.S.

12   Mail to both Marlene Silva and Steve Brian Homan to cure said default **within seven (7) days of**

13   **the date of the notice from Plaintiffs**.  If caused by a failed check, default will only be cured by

14   the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law

15   Corporation within the seven (7) day cure period.  If Defendant elects to cure said default, and

16   Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's*

17   *check* at Plaintiffs' request.  In the event default is not cured, all amounts remaining due hereunder

18   shall be due and payable on demand by Plaintiffs.

19       5.    Beginning with contributions due for hours worked by Defendant's employees

20   during the month of January 2013, due on February 15, 2013 and delinquent if not received by the

21   Trust Funds before the last business day of the month, and for every month thereafter until this

22   Judgment is satisfied, **Defendant shall remain current in contributions** due to Plaintiffs under

23   the current Collective Bargaining Agreement and under all subsequent Collective Bargaining

24   Agreements, if any, and the Declarations of Trust as amended.  Defendant shall fax or email a

25   copy of its contribution report for each month, together with a copy of that payment check, *to*

26   *Michele R. Stafford at* *mstafford@sjlawcorp.com* *and/or 415-882-9287*, prior to sending the

27   payment to the Trust Fund office.

28

-4-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C12-6341 CW**

1    Failure to comply with these terms shall also constitute a default of the obligations

2   under this Agreement and the provisions of ¶10 shall apply.

3    6.    Defendant shall make full disclosure of all jobs on which it is working by providing

4   Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and

5   address of the job, the start and completion dates, the identity of General Contractor / Owner /

6   Developer, and by providing certified payroll if it is a public works job.   To the extent that

7   Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports

8   are required, copies of said reports *will be faxed or emailed to Michele R. Stafford* concurrently

9   with its submission to the General Contractor, Owner or other reporting agency.

10    These requirements are concurrent with, and in addition to, the requirements set forth

11   above.  Defendant shall email or fax said updated list each month (or sooner if required elsewhere

12   herein) together with the contribution report (as required by ¶5 of this Stipulation) *to Michele R.*

13   *Stafford at* mstafford@sjlawcorp.com *and/or 415-882-9287,* on before the 15th day of each

14   month.   Attached hereto as ***EXHIBIT A*** is a Job Report Form, which is to be completed each

15   month.

16    This requirement must be met, regardless of whether or not Defendant has work during a

17   particular Month or not.  In the event that there is no work, the job list shall be submitted stating

18   "no work."

19    7.    Failure to comply with <u>any</u> of the above terms shall constitute a default of the

20   obligations under this Stipulation and the provisions of ¶10 shall apply.  Any unpaid or late-paid

21   contributions, together with 20% liquidated damages and 5% per annum interest accrued on the

22   contributions, pursuant to the Trust Agreements, shall be added to and become a part of this

23   Judgment and subject to the terms herein.   Plaintiffs reserve all rights available under the

24   applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of

25   current and future contributions, and for any additional past contributions not included herein as

26   may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other

27   means, and the provisions of this agreement are in addition thereto.  Defendant specifically waives

28   the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

8. **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant to comply with said request shall constitute a default of the obligations under this Agreement.

(a)    In the event that Defendant has an audit in progress, but not yet complete (and thus not included herein), and amounts are found due, Plaintiffs shall send a written demand to Defendant by first class mail for payment in full of the amounts found due in the audit, including contributions, liquidated damages, interest and audit fees;

(b)    Defendant will be provided with ten (10) days in which to review the audit, and provide evidence to contest the findings in the event that Defendant does not agree with the total found due. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Michele R. Stafford;

(c)    If the audit is contested, and Defendant provides documentation in support of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due;

(d)    If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of the revised billing;

(e)    If Defendant is unable to make payment in full, Defendant may submit a written request to revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein. If the Judgment is so revised, Defendant shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment.  Failure to execute the revised agreement shall constitute a default of the terms herein; and

(f)    Failure by Defendant to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date of Plaintiffs' demand shall constitute a default of the obligations under this agreement.  All amounts found due on audit shall immediately become part of this Judgment.

9.     Steve Brian Homan acknowledges that he is the RMO/CEO/President and a principal shareholder of FLOORTEC, INC., and that he specifically consents to the Court's jurisdiction as well as the use of a Magistrate Judge for all proceedings herein.  Mr. Homan also confirms that he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation and further acknowledges that all affiliates, related entities and successors in interest to FLOORTEC, INC. and/or any subsequent entity wherein Mr. Homan is a principal, officer, owner, or possesses any ownership interest shall also be bound by the terms of this Stipulation as Guarantors.  All such entities shall specifically consent to the terms herein and to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase.

10.     In the event that Defendant fails to make any payment required under ¶3 above, or otherwise default on their obligations as detailed in this Stipulation, and such default is not timely cured, the following will occur:

(a)     The entire balance of **$383,649.32**, as specified in ¶2, plus interest, but reduced by principal payments received from Defendant, in addition to any unpaid contributions then due plus 20% liquidated damages and 5% per annum interest on the unpaid or late-paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

(b)     A Writ of Execution may be obtained against Defendant / Guarantor without further notice to Defendant / Guarantor, in the amount of the unpaid balance plus any additional amounts due under the terms herein.  Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant / Guarantor and the balance due and owing as of the date of default;

(c)     Defendant / Guarantor waives any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant / Guarantor; and

1    (d)    Defendant / Guarantor shall pay all additional attorneys' fees and costs

2  incurred by Plaintiffs in connection with collection and allocation of the amounts owed by

3  Defendant / Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

4    11.    Any failure on the part of Plaintiffs to take any action against Defendant /

5  Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall

6  not be deemed a waiver of any subsequent breach by Defendant / Guarantor of any provisions

7  herein.

8    12.    In the event of the filing of a bankruptcy petition by Defendant / Guarantor, the

9  parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to

10 have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)

11 and shall not be claimed by Defendant / Guarantor as a preference under 11 U.S.C. Section 547 or

12 otherwise.  Defendant / Guarantor nevertheless represents that no bankruptcy filing is anticipated.

13    13.    Should any provision of this Stipulation be declared or determined by any court of

14 competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

15 enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

16 illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

17 Stipulation.

18    14.    This Stipulation is limited to the agreement between the parties with respect to the

19 delinquent contributions and related sums enumerated herein, owed by Defendant / Guarantor to

20 Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any.

21 Defendant / Guarantor acknowledges that Plaintiffs expressly reserve their right to pursue

22 withdrawal liability claims, if any, against Defendant and all of their control group members, as

23 provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective

24 Bargaining Agreements, and applicable laws and regulations.

25    15.    This Stipulation contains all of the terms agreed by the parties and no other

26 agreements have been made.  Any changes to this Stipulation shall be effective only if made in

27 writing and signed by all parties hereto.

28

16.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

17.     Defendant / Guarantor represents and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and is fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

18.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: February 11, 2013                 **FLOORTEC, INC.**

                              By: _____/s/_____
                                   Steve Brian Homan, RMO/CEO/President

Dated: February 11, 2013                 **STEVE BRIAN HOMAN**

                              By: _____/s/_____
                                   Individually as personal guarantor

Dated: February 13, 2013                 **SALTZMAN AND JOHNSON LAW CORPORATION**

                              By: _____/s/_____
                                   Michele R. Stafford
                                   Attorneys for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: ____February 21, 2013          _____
                                       UNITED STATES DISTRICT COURT

| | |
|---|---|
| **EXHIBIT A** | |

### JUDGMENT PURSUANT TO STIPULATION

### *JOB REPORT FORM*

**\*\*\* Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287
on the 15th day of each month \*\*\***

**Employer Name: FLOORTEC, INC.**

**Report for the month of _____   Submitted by: _____**

*Please spell out the names of projects, owners and general contractors.*

| Project Name: | | | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| Project Name: | | | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| Project Name: | | | |
|---|---|---|---|
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

*\*\*\* Attach additional sheets as necessary \*\*\**

-10-
**JUDGMENT PURSUANT TO STIPULATION
Case No.: C12-6341 CW**

P:\CLIENTS\FLRCL\Floortec 3\Pleadings\C12-6341 CW - Judgment Pursuant to Stipulation 020513.docx